# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DEBORAH SMITH,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| V. | |
| **MONDELEZ GLOBAL LLC, and MONDELEZ INTERNATIONAL, INC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

# COMPLAINT

COMES NOW Plaintiff, Deborah Smith, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, stating as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count 1 of this Complaint, which arises out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count 2 of this Complaint, which arises out of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. (FMLA).

3. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within Fulton County, GA.

4. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of Fulton County, GA.

7. Defendant is a corporation registered to conduct business in the State of Georgia.

8. The majority of the events pleaded herein occurred at the work site of 1400 Murphy Avenue SW, Atlanta, GA 30310.

9. Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent located at 289 S Culver St, Lawrenceville, GA 30046-4805, USA.

10. Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant from August 1988, to September 11, 2019.

12. At all times relevant to this Complaint, Plaintiff was employed by Defendant as a Machine Operator.

13. Plaintiff had no disciplinary actions since 2018 and was given no poor performance evaluations.

14. Plaintiff first applied for FMLA leave in 2015 to help with a family member's adoption proceedings.

15. Plaintiff reapplied for FMLA every six months as needed.

16. Plaintiff began treatment for major depressive disorder on or about June 12, 2018.

17. Plaintiff's FMLA leave included major depressive disorder after her diagnosis.

18. Plaintiff's FMLA leave and the basis for it was provided to both Defendant's staff nurse and Defendant's third party FMLA provider, Hartford Leave Management.

19. Upon knowledge and belief, Defendant's staff nurse provided information regarding Plaintiff's diagnosis to HR Manager Angela Law.

20. On or about October 19, 2018, Plaintiff was suspended for two days without pay immediately after taking FMLA leave.

21. In early 2019 Plaintiff was told by Angela Law that Plaintiff did not qualify for FMLA leave due to not having enough hours worked.

22. Plaintiff then applied directly for FMLA through Defendant's third party FMLA

provider, Hartford Leave Management.

23. Hartford Leave Management approved Plaintiff for FMLA leave on or around August 7, 2019, retroactive to April 8, 2019.

24. Plaintiff was approved to take FMLA leave up to eight hours per day, three days per week.

25. On or around August 2019, Plaintiff made a complaint against Angela Law for denying her FMLA leave.

26. On or around September 2019, Plaintiff was contacted by Ms. Law at Plaintiff's house to discuss Plaintiff's absence points.

27. Plaintiff and Ms. Law agreed to meet in person to discuss Plaintiff's absences September 10, 2019.

28. On September 10, 2019, Plaintiff and Chief Shop Steward Teresa Tate were prepared to provide documentation showing the dates of Plaintiff's alleged absences that had fallen on days she took FMLA leave.

29. Ms. Law canceled the September 10, 2019, meeting.

30. On September 11, 2019, Plaintiff was terminated from her employment.

31. Defendant's reason for terminating Plaintiff was because Plaintiff accumulated more than 10 "points" in violation of Mondelez International-Atlanta Bakery Attendance Policy.

32. According to Mondelez International-Atlanta Bakery Attendance Policy, an

absence equals one point.

33. During her termination meeting on September 11, 2019, Plaintiff was given a sheet detailing 25 alleged absences Plaintiff had in the past 12 months up to her termination.

34. Only 24 absences were specifically listed.

35. Of the absences listed, 19 were listed as "Sick F Unpaid."

36. To the best of Plaintiff's recollection, the marked "Sick F Unpaid" absences corresponded to dates when Plaintiff took FMLA leave.

37. Two of the "Sick F Unpaid" absences listed in July were classified elsewhere as vacation days used by the Plaintiff.

38. After removing the "Sick F Unpaid" absences, Plaintiff had 5 points remaining.

39. At her termination meeting, Plaintiff attempted to provide documentation detailing her FMLA approved leave.

40. This documentation was rejected.

41. On October 17, 2019, Plaintiff filed a Charge of Discrimination with the EEOC.

42. Plaintiff received her Notice of the Right to Sue on September 16, 2020. *Exhibit 1*.

### IV.  CLAIMS FOR RELIEF

### COUNT I - ADA DISCRIMINATION

43. Plaintiff incorporates by reference paragraphs 1-42 of her Complaint as if fully

set forth herein.

44. Plaintiff was qualified for the position at issue. *Paras*. 11-13.

45. Plaintiff is a qualified individual with a disability. *Para*. 16.

46. Defendant was aware of Plaintiff's disabling condition. *Paras*. 17-19.

47. Plaintiff suffered the adverse action of termination. *Para*. 30.

48. The circumstances of Plaintiff's termination serve as evidence that the adverse action was discriminatory on the basis of Plaintiff's disability. See *paras*. 16-39.

## COUNT II - FMLA RETALIATION

49. Plaintiff incorporates by reference Paragraphs 1-48 of her Complaint as if fully set forth herein.

50. Plaintiff was eligible for FMLA leave. *Paras. 14-18; 23*.

51. Plaintiff engaged in protected activity under the FMLA when she applied and was approved for FMLA leave. *Para. 14*.

52. Plaintiff engaged in protected activity under the FMLA when she renewed her FMLA application. *Paras. 15, 22-24*.

53. Plaintiff suffered a materially adverse employment action under the FMLA when she was terminated from her employment. *Para. 30*.

54. The timing of the protected activity and adverse action infer causation, as does Defendant's reasoning for Plaintiff's termination. *Paras. 21-31*.

55. Defendant's business reason for Plaintiff's termination is pretextual. *Paras. 31-39.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Reinstatement with Plaintiff's requested accommodation or, in the alternate front pay;

d. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with the ADA and FMLA; and

e. Any other relief this Court deems proper and just.

Respectfully submitted this 15th day of December, 2020.

                                                THE KIRBY G. SMITH LAW FIRM, LLC

                                                s/Kirby G. Smith
                                                Kirby G. Smith
                                                Georgia Bar No. 250119
                                                *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 N. Shallowford Rd.
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.


Respectfully submitted this 15th of December, 2020.

                                          THE KIRBY G. SMITH LAW FIRM, LLC

                                          s/Kirby G. Smith
                                          Kirby G. Smith
                                          Georgia Bar No. 250119
                                          *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 15th of December, 2020.

         THE KIRBY G. SMITH LAW FIRM, LLC

         s/Kirby G. Smith
         Kirby G. Smith
         Georgia Bar No. 250119
         *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com